IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVE ASQUE, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 07-231 |
| ) | Judge Joy Flowers Conti/ |
| MT. LEBANON POLICE DEPARTMENT; ) | Magistrate Judge Amy Reynolds Hay |
| JOSHUA CHOPS; PAUL PETRAS; ) | |
| THOMAS RUTOWSKI; JOSEPH ) | |
| OSINKSKI; MICHAEL SMAKOSZ; ) | |
| MATTHEW MANKAMYER; PETER ) | |
| SUTEC, ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the complaint in the above-captioned case (Doc. No. 3) be dismissed for failure to prosecute.

II.   Report

The plaintiff, Dave Asque, has presented a civil rights complaint against Mt. Lebanon Police Department, Detective Joshua Chops, and Officers Paul Petras, Thomas Rutowski, Joseph Osinkski, Michael Smakosz, Matthew Mankamyer and Peter Sutec alleging that defendant Chops got a bogus warrant and made up extra charges against him; that defendants Mankamyer and Sutec pushed him down the steps of his house while he was handcuffed; that defendant Osinkski "set [him] up for drug buys while in handcuffs;" that defendant Rutowski hit him in the back causing him injury; that all the defendants called him a "nigger" and his baby's

mother, who is white, a "nigger lover," and put his children in jeopardy when they came into his house with their guns drawn.

On May 30, 2007, this Court issued an order directing plaintiff to either pay the $350.00 filing fee or to submit a non-prisoner motion to proceed *in forma pauperis* on or before June 14, 2007 (Doc. No. 5).  As of July 3, 2007, plaintiff failed to pay the filing fee or submit the requisite *in forma pauperis* form.  As such, the Court issued an order to show cause, returnable on or before July 13, 2007, why the case should not be dismissed for failure to comply with the Court's earlier order (Doc. No. 6).  To date, plaintiff has failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's order to pay the filing fee or submit the proper *in forma pauperis* form and his subsequent failure to respond to the Court's order to show cause which weigh heavily against him. Plaintiff's failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so even seven weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- there appears to be no specific prejudice to defendants as they have not yet been served with the complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff originally filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to submit the requisite *in forma pauperis* form so that his case may proceed and has failed to respond to the Court's order to show cause, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        <u>/S/ AMY REYNOLDS HAY</u>
        AMY REYNOLDS HAY
        United States Magistrate Judge


Dated: July 30, 2007


cc:    Dave Asque
       241 Reifert Street
       Pittsburgh, PA 15210